IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| JONATHAN ABRAHAM VALLADARES MATA, | § § § | |
| *Petitioner*, | § § | |
| v. | § § | CIVIL ACTION NO. 9:26-CV-00193 |
| | § § | JUDGE MICHAEL J. TRUNCALE |
| KRISTI NOEM, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI, U.S. ATTORNEY GENERAL, | § § § § | |
| *Respondents*. | § § § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioners' Jonathan Abraham Valladares Mata and Shaila Gabriella Valladares Mata's (together the "Petitioners")'s Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

The Petitioners are Mexican nationals. [Dkt. 1 at ¶¶ 4–5]. On November 24, 2025, United States Immigration and Customs Enforcement (ICE) detained Petitioners. *Id.*

On February 23, 2026, Petitioners brought a habeas corpus petition, challenging their detention on various grounds. [Dkt. 1].

### II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that

he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

### III. DISCUSSION

#### A. Detention Pending Removal Proceedings

Petitioners challenge the Government's authority to detain them while removal proceedings are pending but no removal order has been issued. [Dkt. 1]. Their challenge is misplaced, since at least two sections of the INA—section 1225(b)(2)(A) and section 1226(a)—authorize detention of aliens during removal proceedings. 8 U.S.C. §§ 1225(b)(2)(A), 1226(a). In fact, under section 1225(b)(2)(A), an alien *must* be detained during removal proceedings if he is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Even when an alien undergoing removal proceedings is not subject to mandatory detention under section 1225(b)(2)(A), as the Petitioners argue, section 1226(a) gives the Government the option of detaining the alien pending removal. *See* 8 U.S.C. § 1226(a). Because the Petitioners are aliens undergoing removal proceedings, they are at least subject to discretionary detention under section 1226(a).

Even more, the Fifth Circuit recently considered and rejected similar arguments. In *Buenrostro-Mendez v. Bondi*, the Fifth Circuit found that the mandatory detention procedures in § 1225(b)(2)(A) apply to aliens who have entered the United States without inspection and have been subsequently detained. 166 F.4th 494 (5th Cir. 2026). It is of no moment that prior administrations' policy approaches were different; the statute's text controls. *See id.*

#### B. Custody Redetermination

The Petitioners argue that their detention violates procedural due process and the INA because ICE failed to provide a custody redetermination before an immigration judge.[1] In any event, a petition

---

[1] Courts often refer to custody redeterminations as "bond hearings." *See, e.g.*, *Cabanas v. Bondi*, No. 4:25-cv-04830, 2025 WL 3171331 at *4 (S.D. Tex. Nov. 13, 2025) (Eskridge, J.).

for habeas corpus is generally not the proper vehicle for challenging conditions of confinement or confinement-related procedures. *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Habeas petitions are a proper device for challenging confinement-related procedures only when those procedures would have resulted in the petitioner's automatic release if performed correctly. *See id.* Otherwise, detainees must challenge confinement-related procedures under 42 U.S.C. § 1983. *Id.*

Here, even if the INA or due process required that the Petitioners receive a custody redetermination, a custody redetermination would not necessarily result in their release from detention. *See* 8 C.F.R. § 236.1(d)(1). The INA's accompanying regulations provide that, in a custody redetermination, immigration judges may "detain the alien in custody," or "determine the amount of bond, *if any*, under which the [alien] is to be released." *Id.* (emphasis added). Hence, a custody redetermination could just as well have resulted in the Petitioners' continued detention, rather than their release from custody. *Id.* Accordingly, the Government's failure to provide a custody redetermination does not entitle the Petitioners to habeas relief.[2] *See Carson*, 112 F.3d at 820–21.

### C. Due Process

The Petitioners argue that the Government violated procedural due process by failing to provide them with a bond hearing before an immigration judge. *See* [Dkt. 1]. Even if the Petitioners were correct, they still would not be entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Their due-process argument is not based on the illegality of their confinement itself, but on the illegality of the Government's failure to provide a bond hearing. *See* [Dkt. 1]. Their unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining them during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, the Petitioners' due-process claim is ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the *cause of detention*."[3] *See Pierre*, 525 F.2d

---

[2] The Fifth Amendment claims, which are predicated on the other arguments, therefore also fail.
[3] *See also Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring).

at 935 (emphasis added).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if adequately performed. *See id.*

Here, a properly conducted bond hearing would not invariably result in the Petitioners' being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed their release from custody, their failure to receive one does not entitle them to habeas relief. *See Carson*, 112 F.3d at 820–21. If a violation of federal law occurred, it was not by way of the Petitioners' detention, but the Government's failure to provide them with a bond hearing once they were already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas proceeding is not the proper arena for the Petitioners to raise a due-process challenge to the Government's failure to afford them a bond hearing. *See Carson*, 112 F.3d at 820–21.

## IV. CONCLUSION

It is therefore **ORDERED** that Valladares Mata's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 7th day of April, 2026.**

Michael J. Truncale
United States District Judge

5